UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEONARD MOORE,

    Plaintiff,

v.                                    Case No. 2:09-CV-13094

LEE C. MOORE,

    Defendant,

                                                /

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is Plaintiff Leonard Moore's *pro se* civil rights complaint and "Application to Proceed Without Prepayment of Fees and Costs" filed on August 5, 2009. For the reasons stated below, the court will summarily dismiss Plaintiff's complaint without prejudice.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). A federal district court may raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

On August 7, 2009, an order to show cause was issued by Magistrate Judge R. Steven Whalen, giving Plaintiff fourteen days from the date of the order to explain in

writing why his complaint should not be dismissed in this case pursuant to 28 U.S.C. § 1915(g). The order was based upon the fact that a United States District Court had previously dismissed six of Plaintiff's cases for being frivolous, malicious, or for failing to state a claim upon which relief can be granted: (1) *Moore v. Alger Max Corr. Facility*, No. 93-CV-0183 (W.D. Mich. October 19, 1993); (2) *Moore v. McGinnis*, No. 93-CV-0203 (W.D. Mich. December 6, 1993); (3) *Moore v. Office Legislative*, No. 93-CV-74318 (E.D. Mich. October 29, 1993); (4) *Moore v. Mayer, et al.*, No. 94-CV-0003 (W.D. Mich. February 18, 1994); (5) *Moore v. Pitcher, et al.*, No. 94-CV-00434 (W.D. Mich. July 7, 1994); and (6) *Moore v. Garby, et al.*, No. 94-CV-70705 (E.D. Mich. April 26, 1994).

On August 14, 2009, Plaintiff filed an answer to the order to show cause. In his answer, Plaintiff alleges that he faces "irreparable harm" because Defendant, his brother, failed to send him $3,000.00 that had been left to Plaintiff by their deceased mother as part of her estate.

In order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). A district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Id.*

Plaintiff's complaint fails to allege that he faces imminent danger of serious physical injury because of his brother's alleged failure to send him the money that had been bequeathed to him by their mother. Because Plaintiff has not alleged any facts

which would establish that he is in imminent danger of serious physical injury, he does not fit within the exception to the statutory mandate that prohibits him from proceeding *in forma pauperis* in light of his six prior dismissals for frivolousness. *Mulazim v. Mich. Dep't of Corrs.*, 28 F. App'x 470, 472 (6th Cir. 2002).

To the extent that Plaintiff argues that his prisoner civil rights complaint should not be dismissed, because he has stated a colorable claim, this would be insufficient to permit him to proceed without prepayment of fees in spite of his prior dismissals for frivolousness. A federal court's determination under 28 U.S.C. § 1915(g) "is not a vehicle for determining the merits of a claim." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Because the "three strikes" provision contained in § 1915(g) bars Plaintiff from proceeding *in forma pauperis*, this court cannot address the merits of Plaintiff's complaint. *See Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002).

Plaintiff's complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke*, 966 F. Supp. at 540. Accordingly,

IT IS ORDERED that Plaintiff's civil rights complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees and Costs" [Dkt. # 2] is DENIED.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated: August 26, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 26, 2009, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522